UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MICHAEL TODD HILTON,                )<br>                                                              )<br>        Petitioner,                        )<br>                                                              )<br>v.                                                         )<br>                                                              )<br>DANIEL AKERS, Warden,           )<br>                                                              )<br>        Respondent.                     )<br>                                                              ) | No. 5:20-cv-428-HRW-MAS |

### **REPORT AND RECOMMENDATION**

Petitioner Michael Todd Hilton filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254 [DE 1] in this District, and the Court granted him leave to proceed *in forma pauperis* [DE 7]. Hilton is confined at the Lee Adjustment Center in Beattyville, Kentucky, and challenges his 2015 state convictions in the Hardin Circuit Court. [DE 1, at Page ID #1]. Upon review of Hilton's petition, the Court perceives venue transfer as appropriate.

The Western District of Kentucky is the most appropriate forum for this action. Per Local Rule 3.2, a "state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered." LR 3.2(b). The Rule further contemplates transfer, "in the discretion of the Court, . . . for the convenience of the Court, parties, witnesses, or in the interest of justice." LR 3.2(f); *see also* 28 U.S.C. § 1406(a) (permitting transfer to an appropriate forum "in the interest of justice"). The Hardin Circuit Court geographically lies within the Louisville Division of the Western District of Kentucky. LR 3.1(b)(1). Any merits inquiry into Hilton's claims would surely involve records, proof, and witnesses from within the Western District. Justice thus favors transfer under the circumstances.

*See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973) (observing that "Congress [has] explicitly recognized the substantial advantages of having [state habeas] cases resolved . . . in the court located nearest the site of the underlying controversy"); *see also Gamble v. Bottom*, No. 5:13-cv-270-KKC, 2013 WL 6551145, at *1 (E.D. Ky. Dec. 13, 2013) (adopting the magistrate judge's recommendation to transfer a § 2254 petition to the Western District, which geographically encompassed the court of conviction).

Accordingly, per Local Rule 3.2 and § 1406, the Court **RECOMMENDS** that the District Judge **TRANSFER** Hilton's pending § 2254 petition to the Louisville Division of the Western District of Kentucky for review.[1]

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.[2] Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and ordinarily will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

---

[1] A venue transfer order is not a "final order" under 28 U.S.C. § 2253(c)(1)(A). No certificate of appealability analysis is needed at this stage. *See, e.g.*, *Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1992).

[2] Courts differ in their characterization of transfer orders for § 636(b) purposes. *See, e.g.*, *Payton v. Saginaw Cty. Jail*, 743 F. Supp. 2d 691, 692 (E.D. Mich. 2010) (acknowledging that the question of whether a transfer order is dispositive "is far from settled" and discussing the opposing perspectives); *Broughton v. Holland*, No. 6:13-CV-1-DLB-REW, 2013 WL 624580, at *3 (E.D. Ky. Jan. 25, 2013), *report and recommendation adopted*, No. 6:13-CV-2-KSF-REW, 2013 WL 623040 (E.D. Ky. Feb. 20, 2013) (likewise noting the § 636(b) debate in this context). Out of an abundance of caution, the Court thus proceeds with this *sua sponte* transfer recommendation per subsection (B).

3

Entered this the 23rd day of October, 2020.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge