UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL TODD HILTON                                                Petitioner

v.                                                       Civil Action No. 3:20-cv-769-RGJ-HBB

DANIEL AKERS, WARDEN                                    Respondent

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Michael Todd Hilton's ("Hilton") Motion for Leave to Supplement Petition for Habeas Corpus [DE 36] and his Motion for Evidentiary Hearing and Request for Appointment of Counsel [DE 39]. The Respondent, Daniel Akers, the Warden of Lee Adjustment Center ("Warden"), did not respond to either motion. This matter is ripe. For the reasons below, Hilton's Motion for Leave to Supplement [DE 36] is **GRANTED in part and DENIED in part** and his Motion for Evidentiary Hearing and Request for Appointment of Counsel [DE 39] is **DENIED**.

**I.    BACKGROUND**

In July 2014, the Hardin County, Kentucky, grand jury indicted Hilton for murder; first-degree assault (two counts); operating a motor vehicle under the influence of intoxicants, first offense in a five-year period, aggravated; and for being a first-degree persistent felony offender. *Hilton v. Commonwealth*, 539 S.W.3d 1, 5–6 (Ky. 2018) (hereinafter "*Hilton I*"). Following a June 2015 trial before the Hardin County Circuit Court, the jury found Hilton guilty of murder, first-degree assault, second-degree assault, and operating a motor vehicle under the influence of alcohol. *Id.* at 4, 6. Following the penalty phase of his trial, the jury found Hilton to be a first-degree persistent felony offender and recommended concurrent sentences of life imprisonment for murder, thirty-five years' imprisonment for first-degree assault, ten years' imprisonment for

1

second-degree assault, and thirty days' imprisonment for operating a motor vehicle under influence of alcohol which impairs driving ability. *Id.* at 6. The trial court sentenced Hilton to life imprisonment in conformance with the jury's recommendation. *Id.*

> The trial court found the evidence showed the following:
>
> During the evening of June 22, 2014, Jason Hall was driving down Deckard School Road in Hardin County, Kentucky. After reaching the intersection of Deckard School Road and Patriot Parkway, Hall observed an overturned burning truck. As Hall drove towards the burning wreck he observed a cooler and beer cans in the road. After Hall exited his vehicle, he was approached by Michael Todd Hilton who told Hall that he was unable to find his brother, Kyle Hilton. Hall informed Hilton that he would be with him momentarily, after he called 911 to request emergency assistance. Hilton tried to persuade Hall not to call 911, but Hall refused and contacted the authorities.
>
> Faith Terry and Jason Combs also arrived on the scene of the collision. Terry observed a truck flipped upside down and a mangled orange Mustang. Hearing coughing from the Mustang, Terry and Combs attempted to aid the injured driver, Brianna Taylor, but were unable to assist Taylor's passenger, Mickayla Harig, who was pinned down by wreckage from the collision. Subsequently, Terry and Combs overheard Hilton yelling for help for his brother Kyle, who was also injured in the accident.
>
> While attending to Kyle, Hilton admitted to not stopping at the intersection's stop sign and that he had been drinking. Terry also observed beer cans strewn amongst the wreckage.
>
> After the arrival of emergency personnel, Hilton and his brother were transported to the University of Louisville Hospital for medical treatment. Prior to his transport to the hospital, Hilton admitted to emergency personnel that he and Kyle had been drinking heavily. At the hospital, physicians examined and treated Hilton for minor injuries. Kyle was admitted at the hospital and received treatment for five days prior to being discharged.
>
> Due to Taylor and Harig being trapped in their damaged vehicle, they were transported to the University of Louisville Hospital after Kyle and Hilton. Both women were treated for severe injuries. Among other injuries, Harig suffered a traumatic brain injury and was hospitalized for approximately 22 days prior to being discharged. As for Taylor, her extensive injuries induced cardiac arrest. While doctors were initially able to restart Taylor's heart, blood loss from organ damage caused her heart to arrest a second time, and they were not able to revive her.

> Responding to the scene of the crime, Officer Thomas Cornett of the Hardin County Sheriff's Office observed beer cans and a cooler near Hilton's damaged vehicle. Officer Cornett suspected that Hilton might have been operating his vehicle while under the influence of alcohol and thus contacted the hospital to have Hilton's blood collected for future laboratory examination. Lab results later established that Hilton's blood alcohol level at the time of the collection was approximately 2.33g/100ml; more than twice the legal limit to operate a motor vehicle.

*Id.* at 5.

On direct appeal to the Supreme Court of Kentucky, Hilton alleged the trial court erred by: "1) failing to grant a change of venue; 2) declining to suppress a witness's statement; 3) refusing to grant a continuance; 4) failing to remove jurors for cause; 5) denying his request for a mistrial; and 6) by permitting the Commonwealth to inquire of witnesses during the penalty phase what sentence they believed appropriate for Hilton's crimes." *Id.* at 4–5. The Supreme Court of Kentucky concluded: 1) the trial court did not abuse its discretion in denying Hilton's motion for change of venue; 2) the trial court did not abuse its discretion in denying Hilton's motion to exclude a statement he made to Jason Hall; 3) the trial court did not abuse its discretion in denying Hilton's request for a continuance; 4) the trial court did not abuse its discretion by refusing Hilton's motion to excuse jurors for cause; 5) the trial court did not abuse its discretion in denying Hilton's request for a mistrial; and 6) it was harmless error for the trial court to permit testimony about what would constitute an appropriate sentence for Hilton. *Id.* at 6-19. The Supreme Court of Kentucky affirmed Hilton's conviction and sentence in its opinion issued on February 15, 2018. *Id.* at 19.

On July 16, 2018, Hilton, through counsel, filed a Ky. R. Crim. P. 11.42 motion to vacate his conviction and sentence. [DE 26-2 at 414-19]. In the motion, Hilton argued trial counsel rendered ineffective assistance because he failed to timely notify the Commonwealth of his intention to call registered nurse Wendy Milliner ("R.N. Milliner") to testify as to the care given to Brianna Taylor and but for this failure to do so the testimony could have been presented to the

3

jury. [*Id.* at 416–17]. Next, Hilton argued appellate counsel rendered ineffective assistance because he failed to raise the issue despite Ms. Milliner giving her testimony by avowal to preserve the issue for appeal. [*Id.* at 417]. The Hardin Circuit Court denied Hilton's Rule 11.42 motion in an order entered November 21, 2018, noting that during the trial it had allowed Ms. Millner's testimony to be given by avowal. [DE 26-2 at 427-32].

Hilton timely appealed. *Hilton v. Commonwealth*, 603 S.W.3d 864, 866 (Ky. App. 2020), *review denied* (May 20, 2020) (hereinafter "*Hilton II*"). The Court of Appeals of Kentucky affirmed the rulings of the Hardin Circuit Court. *Id.* The Supreme Court of Kentucky denied Hilton's petition for discretionary review on May 20, 2020. *Hilton v. Commonwealth*, 2020-SC-0000113-D, 2020 Ky. LEXIS 205 (Ky. May 20, 2020).

On October 14, 2020, Hilton filed his § 2254 petition and supporting memorandum before this Court setting forth several claims. [DE 1]. Akers responded [DN 26] and Hilton replied [DN 27]. Pursuant to this Court's referral order, Magistrate Judge H. Brent Brennenstuhl has made Findings of Fact, Conclusions of Law, and Recommendations [DE 32] ("R&R") on Hilton's § 2254 petition. Hilton has filed Objections to the R&R [DE 35]. Hilton also filed a Motion for Leave to Supplement Petition for Habeas Corpus [DE 36] and a Motion for Evidentiary Hearing and Request for Appointment of Counsel [DE 39]. The Court now considers the latter two motions.

## II.   DISCUSSION

### A. Motion for Leave to Supplement Petition for Habeas Corpus [DE 36].

#### *a. Standard*

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must

4

promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a de novo or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Under Federal Rule of Civil Procedure 72, parties have fourteen days to object to a magistrate judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a); *see also* Local Rule 72.2. "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). "The district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* (emphasis added). Under Federal Rule of Civil Procedure 6, "[w]hen an act may or may not be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

5

"The liberal standards of Rule 15 of the Federal Rules of Civil Procedure govern amendment of a petition for writ of habeas corpus under § 2255." *United States v. Conn*, No. CR 5:18-059-DCR, 2020 WL 515840, at *2 (E.D. Ky. Jan. 31, 2020), (June 7, 2021) (citing *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978)). Section 2255 imposes a one-year limitation on the filing of any motion seeking to amend, vacate, or set aside a federal sentence. *See Anderson v. United States*, 39 F. App'x 132, 135–36 (6th Cir. 2002). That said, the mandate of Fed. R. Civ. P. 15(a) that a court freely grant leave to amend when justice so requires has been interpreted to allow supplementation and clarification of claims first raised in a timely § 2255 motion. *Id*. For a § 2255 movant to amend a pending motion beyond the one-year limitation, the requested amendment must "relate back" to the original motion in that it seeks only to clarify or supplement claims timely raised in the original pleading. *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 849–50 (6th Cir. 2017).

Finally, although Rule 15(a)(2) provides that leave to amend shall be freely given "when justice so requires," leave may be denied based on undue delay, bad faith by the moving party, repeated failure to cure defects by previously allowed amendments, futility of the proposed new claim, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    *b. Discussion*

While Hilton captioned this as a motion supplement to his petition, it appears to actually be a supplement to his objections to the R&R, as it discusses the R&R and Hilton's objections and does not contain any true amendments or supplementations to his original petition. Hilton moves to supplement his petition "in conjunction with his petition and objections to [the R&R]." [DE 36 at 654]. "The purpose of this supplement is to request application of de novo review as governed by pre AEDPA standards and deny deference to the state court determinations on his claims." [*Id.*]. Hilton states that Magistrate Judge Brennenstuhl's R&R "found the state courts identified

6

the correct legal standard and the determinations were not an unreasonable application of the Strickland standard." [*Id.*] Hilton argues the application of *Strickland v. Washington*, 466 U.S. 668 (1984), "and its progeny" to his petition. [*Id.* at 654–62]. Hilton's motion ultimately asks the Court to allow him to file this document as a supplement and "conduct a de novo review [of] his ineffective assistance of trial and appellate counsel claims as presented in his petition, objections and this supplement; [and] reject Magistrate Judge Brennenstuhl's Report and Recommendation."[1] [*Id.* at 662]. Hilton's original objections included "Claim I Trail [sic] Counsel was Ineffective" and "Claim II Counsel on Appeal . . . Depriv[ed] Petitioner of his Right to Effective assistance of Counsel." [DE 35 at 627-36]. Claims properly objected to will be considered under a de novo review. *See* Fed. R. Civ. P. 72(a), (b)(3) ("The district judge in the case must consider timely objections" and "determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Thus, to the extent he is requesting supplementation of his objections and proper review to the R&R, the Court **GRANTS in part** Hilton's Motion for Leave to Supplement [DE 36]. To the extent Hilton is requesting to supplement or amend his petition, he has made no showing under Rule 15(a)(2), and the Court **DENIES in part** Hilton's Motion for Leave to Supplement [DE 36].

---

[1] Hilton also asks the court to "enter an order finding Petitioner was convicted in violation of his rights a protected by the United States Constitution, and grant him relief through issuance of a writ of habeas corpus." [DE 36 at 662]. The Court does not reach that issue in this order, as it is the ultimate issue here and is not supported in the briefing on this motion.

### B. Motion for Evidentiary Hearing and Request for Appointment of Counsel [DE 39].

*a. Standard*

Pursuant to 28 U.S.C. § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that":

> (A) The claim relies on—
>   (i) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) A factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Developing the factual basis of a claim typically requires "that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. If the petitioner did not fail to develop the facts of his claim in state court, then the district court may hold an evidentiary hearing. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). However, "bald assertions and conclusory allegations do not provide sufficient grounds to warrant requiring . . . an evidentiary hearing." *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006). The Supreme Court has instructed the reviewing court to "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. The decision of whether to hold an evidentiary hearing is within the discretion of the district court. *Id.*

"If an evidentiary hearing is warranted [in a habeas action], the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2254 Cases.

*b. Discussion*

Hilton requests an evidentiary hearing with appointment of counsel "to develop evidence that an autopsy was not performed as required by state law, and resolve the factual dispute of death causation and the culpability attributed to Petitioner for the death of Ms. Taylor." [DE 39 at 699]. Hilton argues that "by law the treating physician, Dr. Smith, was required to have a postmortem examination performed by a coroner." [*Id.* at 700]. He also argues that the jury did not hear testimony from R.N. Milliner that "established from her experience she would not have expected a high mortality rate from the injuries sustained by Ms. Taylor." [*Id.* at 701]. Hilton contends that he sought and was denied an evidentiary hearing on his claims in state court. [*Id.* at 701–02].

Hilton identifies the facts he wishes to develop at an evidentiary hearing: that "by law an autopsy was not performed by a coroner," and that the jury did not hear testimony from R.N. Milliner. [*Id.* at 699-702]. Hilton also states that "[t]he avowal testimony of R.N. Milliner did not establish the autopsy which was not performed was required by state law, or how an autopsy would substantiate the death of Ms. Taylor was not expected but due to initially receiving improper medical care." [*Id.* at 701]. While Hilton makes clear that the factual dispute at trial was the causal connection for Ms. Taylor's death, he does not explain what facts are in dispute for the evidentiary hearing or what further facts he would specifically develop. He argues only that "[d]evelopment of facts pertaining to the lack of autopsy are key." [*Id.* at 702]. Hilton argues the autopsy requirement is statutory, so this is not a factual dispute. [*Id.* at 700]. And R.N. Milliner already testified by avowal, so her testimony is already on the state record. *Hilton II*, 603 S.W.3d at 869;

9

*see Ellison v. Litteral*, No. 3:18-CV-00223 GNS RSE, 2019 WL 4794756, at *10 (W.D. Ky. May 2, 2019), *report and recommendation adopted,* No. 3:18-CV-00223 GNS RSE, 2019 WL 4781877 (W.D. Ky. Sept. 30, 2019) (the court exercised its discretion by not granting an evidentiary hearing because the state record was sufficient). That R.N. Milliner's avowal testimony "did not establish" what Hilton wishes it did is not a sufficient basis to hold an evidentiary hearing. Furthermore, Hilton has not identified which of his claims he believes warrants an evidentiary hearing. *See Williams v. Bagley*, 380 F.3d 932, 936 (6th Cir. 2004) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)) ("[T]he district court did not abuse its discretion in denying Williams's request, given his failure to specify which of his claims warranted an evidentiary hearing and what could be discovered through an evidentiary hearing."). Therefore, the Court **DENIES** Hilton's Motion for Evidentiary Hearing [DE 39].

Hilton bases his request for appointment of counsel on his motion for an evidentiary hearing. [*Id.* at 702]. Because no evidentiary hearing is necessary, and because no factors have changed since Magistrate Judge Brennenstuhl's denial [DE 21] of Hilton's request for appointment of counsel, the Court **DENIES** Hilton's Request for Appointment of Counsel [DE 39].

## III. CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that

1) Hilton's Motion for Leave to Supplement Petition for Habeas Corpus [DE 36] is **GRANTED in part and DENIED in part**;

2) Hilton's Motion for Evidentiary Hearing and Request for Appointment of Counsel [DE 39] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

September 30, 2022

cc: Counsel of Record